IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID HELDMAN )
) No. 3-10-1001
v. )
)
KING PHARMACEUTICALS, INC. )

O R D E R

Pursuant to the order entered November 15, 2010 (Docket Entry No. 9), counsel for the parties called the Court on November 16, 2010, at which time the following matters were addressed:

1. The defendant shall have until November 19, 2010, to file a motion to transfer this case to the District of New Jersey.

The plaintiff shall have until December 3, 2010, to file a response to the expected motion to transfer. Any reply, if necessary, shall be filed by December 10, 2010.

No other filings in support of or in opposition to the defendant's anticipated motion to transfer shall be filed except with the express permission of the Honorable Todd J. Campbell, Chief Judge.

2. The plaintiff shall have until December 10, 2010, to file a motion for conditional class certification and court-supervised notice.

The defendant shall have until December 30, 2010, to file a response to the motion. Any reply, if necessary, shall be filed by January 7, 2011.

No other filings in support of or in opposition to the plaintiff's motion for conditional class certification/court supervised notice shall be made without Chief Judge Campbell's express permission.

If either party seeks a hearing on the motion for conditional class certification/court-supervised notice, such party shall file a separate motion for such a hearing, indicating whether or not the opposing party joins in the motion.

3. Upon defendant's request, the initial case management conference is RESCHEDULED to **Thursday, January 13, 2011, at 11:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN.

As provided in the order entered October 25, 2010 (Docket Entry No. 5), the stay of discovery, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, is lifted.

Prior to the initial case management conference, counsel for the parties shall meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and shall, to the extent possible, exchange initial disclosures pursuant to Rule 26(a)(1).

Prior to the initial case management conference, counsel for the parties shall also confer and shall prepare a proposed, joint initial case management order, including the parties' respective theories of the case, issues resolved and in dispute, proposed scheduling for the progression of the case, and any other relevant matters provided in Local Rule 16.01(d)(1)(c) and 16.01(d)(2). If the parties anticipate discovery of electronically stored information, they shall include in the proposed initial case management order the methodology for such discovery. See Administrative Order No. 174, entered July 9, 2007. If the parties anticipate little, if any, electronic discovery and they believe it is not necessary to be governed by Administrative Order No. 174, they shall so provide in the proposed initial case management order.

Counsel shall e-file the proposed order prior to the initial case management conference.

All counsel appearing at the initial case management conference shall bring with them their calendars and be cognizant of the calendars of any attorneys not appearing at the initial case management conference whose schedules are relevant to the scheduling in this case.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge