IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID HELDMAN | ) |
| | ) |
| v. | ) NO. 3-10-1001 |
| | ) JUDGE CAMPBELL |
| KING PHARMACEUTICALS, INC. | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion to Transfer Venue (Docket No. 11). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff Heldman brought this action on behalf of himself and other similarly situated pharmaceutical representatives hired by Defendant. He alleges that Defendant violated the Fair Labor Standards Act ("FLSA")[1] by depriving Plaintiff and others similarly situated of their lawful overtime wages. Docket No. 1. Plaintiff seeks a declaratory judgment that the practices complained of are unlawful under the FLSA, certification of this action as a collective action under the FLSA, and an award of damages. *Id.*

Through the pending Motion, Defendant alleges that the Court should transfer this action to the United States District Court for New Jersey, pursuant to 28 U.S.C. § 1404(a). Defendant argues that the commercial operations headquarters of Defendant are in New Jersey, key witnesses for the Defendant are in New Jersey, key decisions concerning the classification of employees (exempt or non-exempt) are made in New Jersey, and a third-party human resources consultant used by

---

[1] 29 U.S.C. § 201, *et seq.*

Defendant in connection with its pharmaceutical sales force is in New Jersey. Defendant also contends that the potential plaintiffs in this collective action are scattered all across the United States, but virtually all of them have traveled to New Jersey at least once for training or other work purposes. Defendant asserts that its employees sell products all over the country, but only a small percentage of those employees are in Tennessee.

Plaintiff, on the other hand, argues that Defendant is a Tennessee corporation, headquartered in Tennessee. Plaintiff asserts that Defendant has a key manufacturing facility in Tennessee and numerous employees here. Plaintiff is a Tennessee resident and chose to file his action here. Plaintiff contends that Defendant maintains personnel files here and Tennessee is more centrally located than New Jersey for the participation of the potential plaintiffs. Plaintiff also states that because this is a collective action, not a class action, potential plaintiffs, who are required to "opt in," will elect (as did Plaintiff) to proceed here. Plaintiff argues that any key documents are easily transferrable from New Jersey and any key defense witnesses are under Defendant's control and may be required to be here for trial. Plaintiff avers that the issue in this case is not how he and others were classified, but whether that classification was proper. Thus, the focus will be on Plaintiff's work activity itself, which occurred in Tennessee.[2]

Finally, Plaintiff alleges that the true motivation for Defendant's Motion to Transfer is the fact that the law in the Third Circuit is more favorable to Defendant's position in this action than any other circuit in the country. Defendant argues that this alleged "fact" should be irrelevant to a decisions on its Motion to Transfer.

---

[2] Defendant points out that the work activity of all other potential plaintiffs, of course, occurred in various states all across the country.

Defendant argues that Plaintiff's choice of forum should be given little weight, since this is a collective action with many potential plaintiffs. Defendant avers that if this action remains in Tennessee, 96% of the potential class and all of Defendant's witnesses will have to travel to Tennessee; and if the case is transferred to New Jersey, Defendant's witnesses and any employees in New Jersey (of which there are 61, according to Defendant) will not have to travel.[3]

## MOTIONS TO TRANSFER

Defendant seeks transfer of this action pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[4] Ordinarily, the burden of proving that transfer is warranted is on the moving party and the burden is a substantial one. *Smith v. Kyphon, Inc.*, 578 F.Supp.2d 954, 958 (M.D. Tenn. 2008).

As the permissible language of the transfer statute suggests, district courts have broad discretion to determine when party convenience or the interests of justice make a transfer appropriate. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

---

[3] Defendant makes light of Plaintiff's burden in traveling to litigate his case in New Jersey, arguing that traveling "for a single day" would not impose a significant burden. The Court finds it hard to believe that this collective FLSA action could be tried in a single day, regardless of where it is tried.

[4] The parties do not dispute that the U.S. District Court in New Jersey is a district in which this action might have been brought.

3

In reviewing a motion to transfer, the Court is to balance all relevant factors, including the private interests of the parties[5] and public-interest concerns,[6] such as systemic integrity and fairness, which comes under the rubric of "interests of justice." *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991); *Reese*, 574 F.3d at 320. And, the Court should keep in mind that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Id.*; *Smith*, 578 F.Supp.2d at 962.

Convenience of non-party witnesses, as opposed to parties or employee witnesses, is one of the most important factors in the transfer analysis. *Smith*, 578 F.Supp.2d at 963. Transfer of venue is inappropriate where it would serve only to transfer the inconvenience from one party to the other. *Diebold, Inc. v. Firstcard Financial Services, Inc.*, 104 F.Supp.2d 758, 764 (N.D. Ohio 2000).

Although Defendant argues that this forum is inconvenient for its own key witnesses, Defendant has not shown that its witnesses would be unwilling or unable to come to Tennessee. Neither have Defendants shown that any non-party witness, specifically the human resources consultant hired by Defendant, would be unwilling or unable to come to Tennessee. As noted above, transfer of venue is not appropriate simply to transfer the inconvenience from one party to the other.

As for the potential plaintiffs who are supposedly scattered all across the United States, Defendant has not shown that it would be any more inconvenient for those parties to travel to

---

[5] Private interests of the parties include convenience of the parties and witnesses, relative ease of access to sources of proof, availability of process to compel attendance of unwilling witnesses, cost of obtaining willing witnesses, and practical problems indicating where the case can be tried more expeditiously and inexpensively. *Smith*, 578 F.Supp.2d at 962.

[6] Public interest concerns include enforceability of the judgment, practical considerations affecting trial management, docket congestion, local interest in deciding local controversies at home, public policies of the fora, familiarity of the trial judge with the applicable state law. *Smith*, 578 F. Supp.2d at 962.

Tennessee than to travel to New Jersey. Defendant is a Tennessee corporation, with its headquarters in Tennessee. It should come as no surprise that it would be sued here and that its employees might have to travel here. In addition, the Court sees no problem with the availability of documentary evidence in this forum. Defendant has not shown that any documentary evidence in New Jersey would be unavailable here.

Although Defendant is correct that the Plaintiff's choice of forum carries less weight in a potential collective action such as this one, balance of all the private interests of the parties leads the Court to find that transfer is not appropriate in this case. Furthermore, Defendant has not shown that the public interests listed above favor transfer to New Jersey.

For these reasons, Defendant's Motion to Transfer Venue (Docket No. 11) is DENIED. The file is referred to the Magistrate Judge for further customized case management and to identify a target trial date.

IT IS SO ORDERED.

    _____
    TODD J. CAMPBELL
    UNITED STATES DISTRICT JUDGE