IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID HELDMAN )
)
v. ) NO. 3-10-1001
) JUDGE CAMPBELL
KING PHARMACEUTICALS, INC. )

MEMORANDUM

Pending before the Court is Plaintiff's Motion to Provide Court-Supervised Notice of this Action to Potential Opt-In Plaintiffs and Conditional Certification of this Case as a Collective Action (Docket No. 27). For the reasons stated herein, Plaintiff's Motion is GRANTED.

FACTS

Plaintiff's Complaint alleges that Defendant violated the Fair Labor Standards Act ("FLSA")[1] by improperly classifying Plaintiff and other similarly situated pharmaceutical representatives as "exempt" and by depriving them of their lawful overtime wages. Docket No. 1. Plaintiff seeks a declaratory judgment that the practices complained of are unlawful under the FLSA and an award of damages. *Id*.

Plaintiff asks the Court to conditionally certify this case as a collective action, pursuant to the FLSA, and to provide Court-supervised notice to all similarly-situated employees working as pharmaceutical representatives for Defendant over the last three years who were subjected to Defendant's illegal practice of improperly classifying them as exempt employees under the overtime pay provisions of the FLSA and failing to pay full and proper overtime compensation for all hours worked in excess of forty hours per week. Docket No. 27.

---

[1] 29 U.S.C. § 201, *et seq.*

Defendant opposes Plaintiff's Motion, arguing that (1) Plaintiff clearly is exempt under the FLSA; (2) Plaintiff's support for his Motion is insufficient to satisfy his burden; (3) the proposed class is not similarly situated to the Plaintiff; (4) other courts have held that the exemptions in this context require an individualized analysis; (5) Plaintiff fails to offer any common evidence to try this case as a collective action; and (6) Plaintiff fails to demonstrate a showing of potential class members who desire to opt into this litigation. Docket No. 34.

## CONDITIONAL CERTIFICATION

The FLSA provides that a collective action may be maintained against any employer by any one or more employees for and in behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b).[2] Once a collective action is certified, employees seeking to join the class must affirmatively opt into the litigation by filing a written consent with the court. *Id.*

The Court must first consider whether the Plaintiff has shown that the employees to be notified are, in fact, similarly situated. If the Plaintiff meets this burden, then the Court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit. *Wlotkowski v. Michigan Bell Telephone Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010). Courts generally use a two-phase inquiry to determine whether the lead plaintiff and the opt-in plaintiffs are similarly situated. *Id.*; *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The first stage of the certification takes place early in the litigation, at the beginning of

---

[2] Because the statute only requires that employees be similarly situated, plaintiffs seeking to certify a collective action under the FLSA face a lower burden than those seeking to certify a class action under Fed. R. Civ. P. 23. *Benson v. Asurion Corp.*, 2010 WL 4922704 at * 2 (M.D. Tenn. Nov. 29, 2010).

2

discovery. The second occurs after all of the opt-in forms have been received and discovery has concluded. *Id*.

At this first stage, Plaintiff bears the burden of showing that the other employees are similarly situated. If the Court finds that Plaintiff has met this burden, then at that point, the certification is conditional and by no means final. *Comer*, 454 F.3d at 546. The purpose of this first stage, or conditional certification, is to provide notice to potential plaintiffs and to present them with an opportunity to opt in. *Lindberg v. UHS of Lakeside, LLC*, __ F.Supp.2d __, 2011 WL 204832 at * 4 (W.D. Tenn. Jan. 21, 2011).

At this stage, Plaintiff must show only that his position is similar, not identical, to the positions held by the putative class members. *Comer*, 454 F.3d at 546-47. In *Comer*, the court noted that conditional certification need only be based on a "modest factual showing" and that the court should use a "fairly lenient standard" that typically results in certification. *Id*.[3] Plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs. *Lindberg* at * 5 (citing *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009)).

To be considered similarly situated, it is sufficient if the Plaintiffs' claims are unified by common theories of the Defendant's statutory violations, even if the proofs of those theories are inevitably individualized and distinct. *Wlotkowski*, 267 F.R.D. at 217. Accordingly, district courts generally allow the lead plaintiffs to show that the potential claimants are similarly situated by demonstrating that they and the potential plaintiffs together were the victims of a common policy

---

[3] At the second stage, following discovery, the Court must examine more closely the question of whether particular members of the class are, in fact, similarly situated. *Comer*, 454 F.3d at 546.

or plan that violated the law. *Id.* The first stage is fairly lenient, and the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. *Id.*

Here, Plaintiff alleges that he and all similarly-situated pharmaceutical representatives were subjected to the same policy and practice of Defendant, improperly classifying them as exempt employees under the FLSA and failing to pay them overtime wages. Plaintiff maintains that all of Defendant's pharmaceutical representatives share the same primary job duties of visiting target accounts in their geographic regions and supplying them with pre-approved messages and information regarding Defendant's products. Docket No. 28.

The Court finds that Plaintiff and the proposed class members are similarly situated because their claims are unified by common theories of Defendant's statutory violations, even if the proofs of these theories are inevitably individualized and distinct. *See O'Brien*, 575 F.3d at 584. The claims are unified because Plaintiff has articulated a single means by which these employees were allegedly underpaid: by classifying them as exempt from overtime wages. In other words, Plaintiff has demonstrated an employer policy susceptible to challenge at this stage in the proceedings. *See Lindberg* at * 6.

Defendant's arguments may have merit, but they are more properly considered at the second stage of this certification. Once discovery is complete, a stricter standard applies, and the Plaintiff must introduce "substantial evidence" that the opt-in Plaintiffs are similarly situated. *Frye v. Baptist Memorial Hospital, Inc.*, 2010 WL 3862591 at * 2 (W.D. Tenn. Sept. 27, 2010). Defendant spends a substantial portion of its brief arguing that Plaintiff is exempt under two exemptions in the FLSA, moving prematurely to the merits of this action. That issue cannot be determined at this time.

4

Defendant also argues that, contrary to Plaintiff's assertions, hospital representatives and retail representatives have significantly different job duties. As indicated above, at this stage of the certification process, the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.

For these reasons, Plaintiff's Motion is granted, and the Court conditionally certifies this lawsuit as a "collective action" under the FLSA.[4] Plaintiff is conditionally certified to represent and to send notice of this action to all employees working or having worked as pharmaceutical representatives for Defendant over the last three years.

NOTICE

Plaintiff has submitted a Proposed Notice (Docket No. 28-1). Defendant makes three objections to the Proposed Notice: (1) that the time period should be two years, not three, because Plaintiff cannot establish *any* violation, let alone a "willful" violation; (2) the scope of the class is overly broad and should exclude hospital sales representatives and any employees who earn more than $100,000; and (3) the language of the Notice is overly solicitous and one-sided because it fails to give Defendant's description of the lawsuit and fails to inform employees that they may participate in this action and not be represented by Plaintiff's counsel. Docket No. 34, pp.21-23.

Plaintiff has agreed to insert a paragraph in the Proposed Notice, under "What This Lawsuit Is About," which describes Defendant's denial of the allegations and assertion that it is not liable under any circumstances. Docket No. 35, p. 20. Plaintiff has also agreed to insert a paragraph in

---

[4] Once discovery is complete, Defendant may file a Motion to Decertify the Class, if appropriate.

the Proposed Notice, under "The Effect of Joining the Lawsuit," to advise employees that they have a right to participate in this action and not be represented by Plaintiff's counsel. *Id*., pp. 20-21.

Defendant's objections which go to the merits of this action are overruled. With the revisions as proposed by Plaintiff, the Court approves the Proposed Notice (Docket No. 28-1). Plaintiff shall submit proposed Consent Forms on or before February 14, 2011. Defendant may file any Objections to the proposed Consent Forms by February 22, 2011.

This case is referred back to the Magistrate Judge for further customized case management in accordance with the Court's prior Order. Docket No. 5.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE